Calvin Coolidge **ANDERSON**, Appellant,

v.

Louis S. **NELSON**, Warden, California State Prison, San Quentin, California, Appellee.

No. 24169.

United States Court of Appeals, Ninth Circuit.

Sept. 28, 1970.

Rehearing Denied Nov. 3, 1970.

---

**56**

Calvin Coolidge Anderson, in pro. per.

Thomas C. Lynch, Atty. Gen., John T. Murphy and Michael Krell, Deputy Attys. Gen., San Francisco, Cal., for appellee.

Before MERRILL and TRASK, Circuit Judges, and FERGUSON,* District Judge.

TRASK, Circuit Judge.

This is an appeal from the district court's denial of a petition for a writ of habeas corpus. Petitioner, a prisoner in the California State Prison at San Quentin, was convicted of second-degree

* The Honorable Warren J. Ferguson, United States District Judge for the Central District of California, sitting by designation.

murder following jury trial in the Los Angeles County Superior Court in 1966 and was sentenced to five years to life imprisonment. His conviction was affirmed by the California District Court of Appeal. An application for a hearing in the California Supreme Court was denied, as was a petition for certiorari to the United States Supreme Court. Anderson v. California, 389 U.S. 916, 88 S.Ct. 251, 19 L.Ed.2d 269 (1967).

In his petition for a writ of habeas corpus, filed in forma pauperis, petitioner alleged, among other things, that he was denied due process by the introduction at trial of a recorded, oral confession which was elicited from him following his arrest at a time when he did not knowingly and intelligently waive his Fifth Amendment privilege against self-incrimination because he was intoxicated and the interrogating officers were aware of his intoxication. Petitioner further alleged that he was denied effective assistance of counsel both at trial and on appeal. The district court, relying solely on the petition and an amended petition, found that "[t]he allegations of the petition * * * do not indicate that petitioner is in custody in violation of the Constitution, law, or treaties of the United States." It ordered that the petition be denied.

We think that the allegations summarized above present facts which may involve federal constitutional questions.[1] Under these circumstances, where material facts are in dispute, the district court may rely upon the findings of the state court trier of fact only after making an independent review of the facts. Such a review will require an examination of the complete state court record to determine whether a state court trier of fact, after according petitioner a full and fair evidentiary hearing, found the relevant facts. 28 U.S.C. § 2254; Townsend v. Sain, 372 U.S. 293, 314–319, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963); Selz v. California, 423 F.2d 702, 703 (9th Cir.

1. We agree with the district court that other allegations presented by petitioner, as a matter of law, did not present federal constitutional questions.

1970); Piche v. Rhay, 422 F.2d 1309, 1311 (9th Cir. 1970). Where the fundamental liberties of the person are claimed to have been infringed, the district court on habeas must carefully scrutinize the state court record. Townsend v. Sain, *supra*, 372 U.S. at 316, 83 S.Ct. 745.

Because petitioner made no objection at trial to the introduction of the confession, respondent suggests that we deem that he made a deliberate and intentional by-pass of an available state remedy, precluding federal habeas corpus review. The application of the "deliberate by-pass" doctrine requires the resolution of factual issues which, in the absence of the state court record before us, must be determined by the district court. Moreover, the decision to apply the doctrine rests in the sound discretion of the district court which has not yet been exercised. See Fay v. Noia, 372 U.S. 391, 438–439, 83 S.Ct. 822, 9 L.Ed. 2d 837 (1963); Selz v. California, *supra*, 423 F.2d at 703–704.

The order of the district court is vacated and the cause is remanded to that court for further consideration, after obtaining from appellee a transcript of all relevant state hearings and any other pertinent parts of the record in the state court, and for such other proceedings which may appear to the district court, in its discretion, to be required.