James Vincent TALERICO, Petitioner,

v.

WARDEN, U. S. PENITENTIARY and
U. S. Board of Parole, Respondents.

No. 75–134 Civil.

United States District Court,
M. D. Pennsylvania.

March 4, 1975.

James Vincent Talerico, pro se.

S. John Cottone, U. S. Atty., Scranton, Pa., Michael D. McDowell, Asst. U. S. Atty., Lewisburg, Pa., for respondents.

SHERIDAN, Chief Judge.

Petitioner, James Vincent Talerico, presently an inmate at the United States Penitentiary, Lewisburg, Pennsylvania,

filed a petition for a writ of habeas corpus in which he alleges that the United States Board of Parole has denied him his release on parole unlawfully. A rule to show cause why the relief requested should not be granted was issued, and a response was filed. Petitioner submitted a traverse to the response. Thereafter, respondents filed a supplemental response. The following undisputed facts emerge from the pleadings.

Petitioner was sentenced in July 1973 to seven years imprisonment for extortion pursuant to 18 U.S.C.A. § 4208(a) (2). On February 21, 1974, an in-person parole hearing was held and on March 4, 1974, the prisoner was denied parole and continued in confinement with an institutional review hearing scheduled for February 1976. In addition, petitioner will receive a review by an examiner panel on the record at the one-third point of his sentence in accordance with the decisions in Stroud v. Weger, M.D.Pa.1974, 380 F.Supp. 897 and deVyver v. Warden, M.D.Pa., 388 F.Supp. 1213 (decided December 23, 1974). The reason given by the Parole Board for its decision to deny parole was that petitioner's release at this time would depreciate the seriousness of the offense committed and thus is incompatible with the welfare of society, 39 Fed.Reg. §§ 2.18, 2.20 (1974). *See* de-Vyver v. Warden, supra; Kohlman v. Norton, D.Conn.1974, 380 F.Supp. 1073, 1074; Wiley v. United States Board of Parole, M.D.Pa.1974, 380 F.Supp. 1194, 1197; Battle v. Norton, D.Conn.1973, 365 F.Supp. 925.

Petitioner appealed pursuant to 39 Fed.Reg. § 2.25 (1974) the hearing examiner panel's adverse parole decision to the Regional Director, who affirmed the panel's decision on April 15, 1974. Petitioner did *not* then appeal to the·National Appellate Board as provided in 39 Fed.Reg. § 2.26 (1974).[1] Decisions of

1. 39 Fed.Reg. § 2.26 (1974) provides:
 "2.26 Appeal to National Appellate Board.
 (a) A prisoner may file a written appeal of the Regional Director's decision under §

2.25 to the National Appellate Board on a form provided for that purpose within thirty days after the entry of the Regional Director's written decision. The National Appel-

the National Appellate Board constitute the final decision of the United States Parole Board. 39 Fed.Reg. § 2.26(c) (1974). Respondents request the court to dismiss the petition on the ground that relator has failed to exhaust his administrative remedies.

■ Federal prisoners must exhaust administrative remedies before seeking habeas corpus relief. Soyka v. Alldredge, 3 Cir. 1973, 481 F.2d 303; *see* Waddell v. Alldredge, 3 Cir. 1973, 480 F.2d 1078. Before a federal prisoner can bring a habeas corpus proceeding which challenges an adverse decision of the United States Parole Board, he must have availed himself of the available administrative procedures for review of that decision.

In the instant case petitioner admits he has not filed an appeal to the National Appellate Board as provided for in 39 Fed.Reg. § 2.26 (1974). Therefore, he has not obtained a final decision from the Parole Board.

Petitioner asserts that an appeal to the National Appellate Board is not presently available to him because the Board's regulations, 39 Fed.Reg. § 2.26 (1974), require that an appeal of the Regional Director's decision to the National Appellate Board must be taken within thirty days after the entry of the written decision of the Regional Director, that the thirty day period has expired, and hence he has in effect exhausted all available administrative remedies.

■ The court deems it imperative to note that while the exhaustion doctrine does not require that the National Appellate Board has actually ruled on the merits of petitioner's claims, it does require that the Appellate Board has had his contentions presented to it, thereby giving the Board an opportunity to review the parole decision reached below. *See* United States of America ex rel. Geisler v. Walters, 3 Cir., 510 F.2d 887 (filed February 5, 1975); McKart v. United States, 1969, 395 U.S. 185, 194–195, 89 S.Ct. 1657, 23 L.Ed.2d 194; Noyd v. Bond, 1969, 395 U.S. 683, 89 S. Ct.1876, 23 L.Ed.2d 631; *cf.* Preiser v. Rodriguez, 1973, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439.

■ The basic premises underlying the exhaustion requirement are that (1) judicial time and effort may be conserved because the agency might grant the relief sought; (2) judicial review may be facilitated by allowing the agency to develop a factual record and apply its expertise; and (3) administrative autonomy requires that an agency be given an opportunity to correct its own errors. United States ex rel. Marrero v. Warden, 3 Cir. 1973, 483 F.2d 656, 659, rev'd on other grounds, 1974, 417 U.S. 653, 94 S. Ct. 2532, 41 L.Ed.2d 383; McKart v. United States, 1969, 395 U.S. 185, 194–195, 89 S.Ct. 1657, 23 L.Ed.2d 194. In addition, ". . . it is possible that frequent and deliberate flouting of administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures." McKart v. United States, 395 U.S. at 195, 89 S.Ct. at 1663.

■ In the instant case, if the court were to allow a prisoner to simply wait until the time prescribed by the regulations for filing an appeal to the National Appellate Board expired and then file a petition for a writ of habeas corpus which the court would consider on its merits, the doctrine of exhaustion of administrative remedies would be circumvented and wholly undermined. That is why the court in the instant case will dismiss the petition for a writ of habeas corpus for failure to exhaust administrative remedies.

---

late Board may, upon the concurrence of two members, affirm, modify, or reverse the decision, or order a rehearing at the institutional or regional level.

(b) The bases for such appeal shall be the same as for a regional appeal as set forth in § 2.25(d). However, any matter not raised on a regional level appeal may not be raised on appeal to the National Appellate Board.

(c) Decisions of the National Appellate Board shall be final."

**196**

Upon dismissal of this petition, relator may file a written appeal of the Regional Director's decision to the National Appellate Board. The Board may decide to deny the appeal on the ground that it is untimely under 39 Fed.Reg. § 2.26 (1974), or the Board in its discretion may allow petitioner to file the appeal out of time and rule on the merits of his contentions. It is only after the petitioner has filed an appeal to the Appellate Board, thereby giving it the *opportunity* to rule on his contentions, that he would have exhausted his administrative remedies.

■ Even if this court were to accept petitioner's argument that he has exhausted his administrative remedies because the time period for filing an appeal to the National Appellate Board has expired, his petition might still be dismissed on the ground he deliberately bypassed an available administrative remedy and therefore should be denied an opportunity to assert his claims in federal court. Fay v. Noia, 1963, 372 U.S. 391, 438, 83 S.Ct. 822, 9 L.Ed.2d 837; Henry v. Mississippi, 1965, 379 U.S. 443, 85 S.Ct. 564, 13 L.Ed.2d 408; Angle v. Laird, 10 Cir. 1970, 429 F.2d 892, cert. denied, 1971, 401 U.S. 918, 91 S.Ct. 90, 27 L.Ed.2d 819. The test for such deliberate bypass or waiver is an awareness of the availability of an administrative remedy and a decision not to use it made by the petitioner himself. Angle v. Laird, 429 F.2d at 894; Watkins v. Crouse, 10 Cir. 1965, 344 F.2d 927, 929. Where a federal habeas corpus petitioner has deliberately bypassed available state or administrative procedures and in doing so has forfeited his state or administrative remedies, a federal court in its discretion may deny

habeas corpus relief. *See* Montgomery v. Hopper, 5 Cir. 1973, 488 F.2d 877; United States ex rel. Schaedel v. Follette, 2 Cir. 1971, 447 F.2d 1297; Anderson v. Nelson, 9 Cir. 1970, 432 F.2d 55; United States ex rel. Navarro v. Johnson, E.D.Pa.1973, 365 F.Supp. 676; United States ex rel. Brown v. Russell, E.D.Pa.1970, 318 F.Supp. 76.

■ The deliberate bypass doctrine is essential to the vitality of the exhaustion of administrative remedies doctrine established in Soyka v. Alldredge, 3 Cir. 1973, 481 F.2d 303. Without the deliberate bypass doctrine, administrative review procedures could be avoided simply by waiting for prescribed time periods for administrative appeal to run.

Since the court has decided for the aforementioned reasons that petitioner has failed to exhaust his administrative remedies, the court at this time makes no judgment as to whether there has been a deliberate bypass of administrative procedures.

■ The court has discussed the deliberate bypass doctrine in order to impress upon those who seek review of Parole Board decisions that this doctrine, in combination with the exhaustion of administrative remedies rule, clearly requires federal prisoners to avail themselves of the means of *administrative* review of decisions of the hearing examiner panel, provided for under the regulations promulgated by the United States Parole Board, 39 Fed.Reg. §§ 2.24–2.27, before seeking federal habeas corpus relief.[2]

The petition for a writ of habeas corpus will be denied for failure to exhaust administrative remedies.

2. The doctrine of deliberate bypass and exhaustion of administrative remedies are likewise applicable in actions asking for mandamus remedies.