Vincent W. ALBANO

v.

Robert O. ANDERSON et al.

Civ. No. 78–703.

United States District Court,
M. D. Pennsylvania.

March 8, 1979.

Vincent W. Albano, pro se.

Frederick E. Martin, Asst. U.S. Atty., Lewisburg, Pa., for respondents.

## MEMORANDUM AND ORDER

NEALON, Chief Judge.

### I.

This is a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Petitioner, an inmate at the Allenwood Federal Prison Camp, Montgomery, Pennsylvania, challenges the validity of the September 21,

1977 decision of the United States Parole Commission (Commission) to deny him parole and continue his case for a statutory review hearing in eighteen months, some twelve months beyond the one-third point of his sentence. Specifically, he contends (1) that the Commission's "paroling policy guidelines"[1] constitute an unwarranted intrusion into the sentencing process; (2) that his unblemished institutional record militated for a favorable parole release decision prior to the one-third point of his sentence; and (3) that he was entitled to another parole determination at or shortly prior to the one-third point of his sentence.

Respondents have submitted the pertinent records of petitioner's parole proceedings, which they claim establish that petitioner did not exhaust available administrative remedies. Respondents contend that petitioner thereby waived his right to proceed in federal court and request dismissal of the action on this ground. Alternatively, respondents argue that even if petitioner has not forfeited his right to proceed in this court, habeas corpus relief should be denied because the decision to deny parole and continue his application for a statutory review hearing in eighteen months is consonant with applicable statutory and constitutional standards.

Since the material facts are not in dispute, an evidentiary hearing is unnecessary. *See* 28 U.S.C. § 2243; *deVyver v. Warden,* 388 F.Supp. 1213, 1215–16 (M.D. Pa.1974). *See generally* C. A. Wright, Procedures for Habeas Corpus, 77 F.R.D. 227, 245 (1978). After reviewing the record and the pertinent statutory and case law, I am persuaded that, while respondents have not shown a deliberate bypass of administrative remedies, petitioner's claims do not warrant relief at this time. Accordingly, the petition for a writ of habeas corpus will be denied.

II.

Petitioner is currently serving a three year sentence for income tax evasion imposed on March 31, 1977 by Judge Thomas Platt of the United States District Court for the Eastern District of New York. Judge Platt directed that petitioner's parole eligibility was to be governed by 18 U.S.C. § 4205(b)(2).[2] The initial hearing on petitioner's parole application was conducted on August 11, 1977. The hearing examiners referred the case to the Regional Commissioner, who, by "Notice of Action" dated August 29, 1977, informed petitioner that his case had been designated as an "original jurisdiction case" and had accordingly been referred to the National Commissioners un-

---

1. The Commission's current paroling policy guidelines are codified at 28 C.F.R. § 2.20 (1978). The guidelines utilize a grid that combines the seriousness of the offense and statistically determined recidivism factors to arrive at a period of confinement suitable to hold the offender accountable for his crimes and to deter the offender from committing future criminal acts. On the vertical axis of the grid is the Commission's assessment of the inmate's offense behavior severity level, which ranges from "low" to "greatest II." On the horizontal axis is the inmate's "salient factor score," which consists of factors statistically determined to be predictive of the likelihood of succeeding on parole. The Commission groups the salient factor scores into parole prognoses ranging from "poor" to "very good." A period of confinement is then assigned for each offense behavior severity level and parole prognosis and an inmate's confinement prior to release on parole is measured in terms of the guideline period designated for his offense behavior severity level and parole prognosis.

2. Section 4205(b)(2) provides:

    Upon entering a judgment of conviction, the court having jurisdiction to impose sentence, when in its opinion the ends of justice and best interests of the public require that the defendant be sentenced to imprisonment for a term exceeding one year, may . . . (2) . . . fix the maximum sentence of imprisonment to be served in which event the court may specify that the prisoner may be released on parole at such time as the Commission may determine.

    Thus, an inmate sentenced pursuant to section 4205(b)(2) is eligible for parole from the very first day of his sentence. This is in contrast to an inmate sentenced pursuant to section 4205(a), who is eligible for parole only after service of one-third of his sentence, and an inmate who is sentenced pursuant to section 4205(b)(1), who is eligible for parole only after serving a minimum term imposed by the court.

der 28 C.F.R. § 2.17.[3] By "Notice of Action" dated September 21, 1977, petitioner was advised of the National Commissioners' decision to deny release on parole and to schedule a statutory review hearing in eighteen months.[4]

Petitioner did not file an administrative appeal from this decision until April 19, 1978, some six months after the thirty day appeal time limit had expired. *See* 28 C.F.R. § 2.27 (1978). The appeal was subsequently dismissed as untimely and the matter was referred to the Regional Commissioner to determine whether reopening of the case under 28 C.F.R. § 2.28 (1978) was warranted. By letter dated May 26, 1978, petitioner was informed that his appeal had not presented any new or significant information sufficient to reopen his case. Petitioner then instituted this action on July 24, 1978.

### III.

▮ Respondents contend that by foregoing the administrative appeal until it was time-barred petitioner failed to exhaust his administrative remedies and thereby waived the right to petition this court for habeas corpus relief. The question, however, is not whether petitioner failed to exhaust administrative remedies. The exhaustion requirement applies only where there are administrative remedies still open to the habeas corpus applicant at the time he institutes his action in the federal courts,

*see Humphrey v. Cady*, 405 U.S. 504, 516–17, 92 S.Ct. 1048, 31 L.Ed.2d 394 (1972); *United States ex rel. Sanders v. Arnold*, 535 F.2d 848, 850 (3d Cir. 1976); *Talerico v. Warden*, 391 F.Supp. 193, 195 (M.D.Pa. 1975), and, since petitioner had resorted to all remedial avenues and no other administrative appeal was available to him when he filed this petition with the court, the exhaustion requirement has been satisfied.[5] Rather, the issue here is whether petitioner's forfeiture of the administrative remedies by reason of the procedural default waives his right to pursue this action. *See Daniels v. Fenton*, Civil No. 78–598, slip op. at 5 (M.D.Pa., filed Dec. 29, 1978). The test, as the late Chief Judge Sheridan in *Talerico v. Warden* noted, is whether the inmate deliberately bypassed the available administrative remedy, i. e., knowingly and understandingly decided not to pursue it. *Id.*, 391 F.Supp. at 196.

▮ The record in the instant case only shows that petitioner did not appeal the National Commissioners' decision of September 21, 1977 within the prescribed time limit. Respondents have not come forward with any information to suggest that petitioner knowingly and understandingly decided to forego his administrative appeal until it was too late. At best, the present record indicates dilatoriness on the part of petitioner in raising his claims and not the intentional circumvention of administrative

---

3. Section 2.17 of title 28 of the Code of Federal Regulations provides, *inter alia*, as follows:

   A Regional Commissioner may designate certain cases for decision by a quorum of Commissioners . . . as original jurisdiction cases. In such instances, he shall forward the case with his vote, and additional comments he may deem germane, to the National Commissioners for decision. Decisions shall be based upon the concurrence of three votes with the appropriate Regional Commissioner and each National Commissioner having one vote. Additional votes, if required, shall be cast by the other Regional Commissioners on a rotating basis as established by the Chairman of the Commission.

   Petitioner's case was designated original jurisdiction pursuant to subsection (b)(3) of 28 C.F.R. § 2.17 (1978), which authorizes such designation for "[p]risoners who have received

national or unusual attention because of the nature of the crime, arrest, trial, or prisoner status, or because of the community status of the offender or his victim." Petitioner is a retired New York City Police detective and apparently his income tax problems generated some local publicity.

4. Section 4208(h)(1) of 18 U.S.C. requires the Commission to conduct parole determination proceedings at least every eighteen months in the case of a prisoner serving a prison sentence or sentences of more than one year but less than seven years.

5. Thus, the situation here is distinguishable from that presented in *Talerico v. Warden, supra,* and *United States ex rel. Sanders v. Arnold, supra,* where the inmate had failed to take available administrative appeals.

processes that the deliberate bypass rule is designed to prevent. Thus, I believe that a finding of deliberate bypass cannot be made on the basis of the present record and will therefore address petitioner's challenge to the parole denial.[6]

## IV.

The scope of judicial review of parole decisions is closely circumscribed. The court is to ascertain whether the Commission "has followed criteria appropriate, rational, and consistent with the statute and that its decision is not arbitrary and capricious, nor based on impermissible considerations." *Zannino v. Arnold,* 531 F.2d 687, 690 (3d Cir. 1976).

Petitioner argues that the Commission's failure to consider his institutional record as the most significant factor in its deliberations on his case was improper; that its decision to continue him for a statutory review hearing one year beyond the one-third point of his sentence was erroneous; and that its guidelines constitute an unconstitutional intrusion into the sentencing process. These claims will be considered *seriatim.*

Petitioner contends that since he was immediately eligible for parole under 18 U.S.C. § 4205(b)(2) he was entitled to release prior to the one-third point of his sentence on the basis of his excellent institutional adjustment record. He claims that the decision to deny him parole indicated that the Commission failed to consider his institutional performance and that such failure is a blind abrogation of the Commission's statutory duty.

Institutional adjustment, however, is only one of three factors the Commission must weigh in determining whether any given inmate is suitable for release on parole.

The Commission must also consider the needs of society to hold an offender accountable for his own acts and the probability that the inmate will refrain from committing future criminal acts. *See* 18 U.S.C. § 4206; H.Conf.Rep. No. 94–838, 94th Cong., 2d Sess. 20, *reprinted in,* [1976] U.S.Code Cong. & Admin.News, pp. 351, 352. The relative importance of each individual factor in any given parole case is committed to the Commission's sound discretion. *See Scarpa v. United States Parole Board,* 477 F.2d 278, 281 (5th Cir.), *vacated as moot,* 414 U.S. 809, 94 S.Ct. 79, 38 L.Ed.2d 44 (1973); *Persico v. United States Department of Justice,* 426 F.Supp. 1013, 1019 (E.D.Ill.1977); *Barradale v. United States Parole Board,* 362 F.Supp. 338, 340 (M.D.Pa.1973).

The record of petitioner's parole proceedings indicates that the hearing examiners were cognizant of his institutional performance. It is evident, however, that the hearing examiners and the National Commissioners considered the "unusual sophistication" of his criminal activity as the most salient aspect in his record and the decision to extend petitioner's incarceration beyond the one-third point of his sentence, and, in fact, beyond his applicable guideline range, is predicated upon the concern to hold him accountable for his acts. This decision does not represent a clear abuse of discretion and will not be overturned here.

The fact that petitioner was immediately eligible for parole under 18 U.S.C. § 4205(b)(2) does not compel a different conclusion. What Judge Sheridan said in *Stroud v. Weger,* 380 F.Supp. 897, 899 (M.D. Pa.1974), with respect to sentences under 18 U.S.C. § 4208(a)(2), the predecessor of section 4205(b)(2), is applicable here:

> forego his administrative appeals and the inmate's claims should demonstrate an arguable likelihood of success on the merits. *See* Meyer and Yackle, *Collateral Challenges to Criminal Convictions,* 21 Kan.L.Rev. 259, 294 (1973). In this case, neither pre-condition has been satisfied. Therefore, an evidentiary hearing on the deliberate bypass question would be a fruitless waste of judicial resources.

**6.** I realize that an evidentiary hearing is normally required to resolve the deliberate bypass issue. *See Humphrey v. Cady, supra,* 405 U.S. at 517, 92 S.Ct. 1048. I believe, however, that before a court is compelled to conduct an evidentiary hearing on the deliberate bypass issue the government should come forward with information that raises substantial questions concerning the inmate's motives for deciding to

A sentence under 18 U.S.C. [§ 4205(b)(2)] does not require the [Commission] to release an inmate upon suitable institutional adjustment. Section [4205(b)(2)] merely eliminates the requirement of 18 U.S.C. [§ 4205(a)] that a prisoner serve one-third of his sentence before becoming eligible for parole consideration. Section [4205(b)(2)] does not annul or modify the statutory requirements with respect to suitability for parole release embodied in 18 U.S.C. [§ 4206] and the [Commission's] paroling guidelines promulgated thereunder. Thus, a prisoner sentenced under Section [4205(b)(2)] is subject to the same substantive parole release standards as all other inmates.

*Accord, Richards v. Crawford,* 437 F.Supp. 453 (D.Conn.1977); *Persico v. United States Department of Justice, supra,* 426 F.Supp. at 1019. *But see Shahid v. Crawford,* 430 F.Supp. 126, 131 (M.D.Ala.1977).

Application of those substantive standards compelled the Commission to deny petitioner parole and continue his incarceration beyond the applicable guideline range. That decision will not be second-guessed here.

■ The merits of petitioner's remaining contentions will not be addressed. The only relief that petitioner would be entitled to on his claim that he should have received a new parole determination at or prior to the one-third point of his sentence would be a record review by a hearing examiner panel. *See Stroud v. Weger, supra,* 380

F.Supp. at 900. Petitioner is to receive a statutory review hearing within the next month. Thus, even if petitioner could prevail on his claim, this court could not grant any relief other than the new parole determination which he will soon receive. Accordingly, petitioner's claim concerning the need for a one-third point parole determination is moot.[7]

Petitioner's final contention, that the Commission's guidelines constitute an unwarranted intrusion into the sentencing process, arguably has merit in light of *Geraghty v. United States Parole Commission,* 579 F.2d 238 (3d Cir. 1978), cert. granted, —— U.S. ——, 99 S.Ct. 1420, 59 L.Ed.2d 632 (1979). However, I have declined to entertain those issues being litigated in *Geraghty,* at least until such time as a decision on the certification of a class in *Geraghty* is made. *See, e.g., Jacobs v. United States Parole Commission,* Civil No. 78–311 (M.D. Pa., filed July 17, 1978). Accordingly, petitioner's challenge to the constitutionality of the guidelines will be dismissed without prejudice to petitioner filing a subsequent action raising this claim if no class is certified or if petitioner is excluded from the class certified in *Geraghty.*

---

**7.** *Stroud v. Weger, supra,* held that an inmate sentenced under 18 U.S.C. § 4208(a)(2) (now 18 U.S.C. § 4205(b)(2)) who receives a continuance to a date past one-third of his maximum sentence at an initial parole hearing is entitled to receive a record review by a hearing examiner panel at or shortly prior to the one-third point of his sentence. This ruling was necessary to insure that an inmate sentenced under section 4208(a)(2) did not receive less effective parole consideration than a non-section 4208(a)(2) prisoner, who is eligible for parole only after serving one-third of his sentence. *See* 18 U.S.C. § 4205(a). (For cases holding that 4208(a)(2) prisoners cannot be given any less meaningful parole consideration than non-4208(a)(2) prisoners see *Grasso v. Norton,* 520 F.2d 27 (2d Cir. 1975); *Garafola v. Benson,* 505

F.2d 1212 (7th Cir. 1974).) Subsequent to the decision in *Stroud,* Congress enacted the Parole Commission and Reorganization Act, 18 U.S.C. § 4201, et seq. (PCRA). Section 4208(h)(1) of the PCRA, as noted *supra,* requires the Commission to conduct parole hearings at least every eighteen months for inmates such as petitioner serving a sentence of more than one but less than seven years. In *Walsh v. McCall,* Civil No. B–77–326, slip op. at 5 (D.Conn., filed June 30, 1978), Judge Daly held that section 4208(h)(1) obviated the necessity for a one-third point parole determination for inmates sentenced under section 4208(a)(2) (now section 4205(b)(2)). Since petitioner's claim here has been mooted, I need not now determine the continued vitality of *Stroud v. Weger.*