940 F.2d 661
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Bernard MARCHESANI, Petitioner-Appellant,
v.
UNITED STATES PAROLE COMMISSION, Bureau of Prisons, John C.
Gluch, Warden, Respondents-Appellees.
 No. 91-1330.
 United States Court of Appeals, Sixth Circuit.
 Aug. 12, 1991.
 
 1
 Before BOYCE F. MARTIN, Jr. and DAVID A. NELSON, Circuit Judges, and JARVIS, District Judge.*
 
 ORDER
 
 2
 Bernard Marchesani, who is represented by counsel, appeals the district court's judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2241. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Marchesani is a federal prisoner presently incarcerated at the Federal Correctional Institute in Milan, Michigan. He was initially sentenced to 20 years in prison in June, 1971, for extortionate credit transactions (18 U.S.C. Sec. 894). Marchesani was paroled from that sentence on December 12, 1979, with a full term date of June 14, 1991. A parole violator warrant was issued on June 8, 1981; however, because Marchesani absconded, that warrant was not executed until February 19, 1986.
 
 
 4
 At the revocation hearing held June 12, 1986, Marchesani was found to have violated the terms of his parole, and the hearing examiners recommended that his case be referred to the National Commissioners for original jurisdiction consideration pursuant to 28 C.F.R. Sec. 2.17. The National Commissioners revoked Marchesani's parole and only credited him for time spent on parole from December 12, 1979, to July 14, 1981, and advised that he was to continue to expiration of his sentence. This decision was affirmed on appeal by the National Appeals Board/Full Commission.
 
 
 5
 On September 11, 1986, following Marchesani's parole revocation, Marchesani was convicted of failure to appear and extortionate credit transactions in the United States District Court for the Eastern District of Michigan. These offenses were committed while he was on parole. Marchesani received an aggregate eight-year term of imprisonment for this conviction. This term was concurrent to the earlier sentence.
 
 
 6
 On May 4, 1988, Marchesani received a statutory interim hearing, which was later redesignated as a Reconsideration Hearing by the Parole Commission. His new offense behavior was rated as Category Five severity and his salient score was five. The final aggregate guideline range was calculated at 54-72 months. The examiners recommended that Marchesani be referred to the National Commissioners. Marchesani was given notice of this action on June 24, 1988.
 
 
 7
 Marchesani received an interim hearing on May 16, 1990, and he was represented by counsel. At the hearing, his counsel requested a more lenient parole and pointed out that Marchesani's alleged involvement with firearms while on parole should not have been a factor in determining his parole because he was never charged with gun possession. The hearing examiners found no justification in changing the current parole decision, noting that the decision to exceed the guidelines was not based on the firearm charge, but was based on his reinvolvement in extortionate credit transactions. The examiners again recommended that Marchesani's case be referred to the National Commissioners, and Marchesani was given notice of this on July 25, 1990.
 
 
 8
 On August 14, 1990, Marchesani filed his petition for habeas corpus relief. In his petition, Marchesani challenged the duration of his sentence and further claimed that the respondents incorrectly disregarded the sentencing guidelines, wrongfully denied him parole based upon false information, and wrongfully refused to inform Marchesani of the results of his parole hearing. On August 21, 1990, the National Commissioners issued a Notice of Action ordering no change in Marchesani's status, and continuing him to the expiration of his sentence.
 
 
 9
 The matter was referred to a magistrate judge who issued a report recommending that the petition be dismissed because Marchesani failed to exhaust his administrative remedies. Alternatively, the magistrate judge recommended that the petition be denied on the merits. Despite Marchesani's timely objections, the district court adopted the magistrate judge's report and recommendation and entered judgment accordingly.
 
 
 10
 On appeal, Marchesani reasserts his claim that the Parole Commission improperly subjected him to a longer prison term than required by law.
 
 
 11
 Upon review, we conclude that the district court properly dismissed the petition for habeas corpus relief because Marchesani failed to exhaust his administrative remedies. Federal prisoners complaining of events or conditions of confinement are required to exhaust their federal administrative remedies prior to bringing a petition for a writ of habeas corpus in federal court. See Little v. Hopkins, 638 F.2d 953, 954 (6th Cir.1981) (per curiam). Under 28 C.F.R. Sec. 2.27(a), "[c]ases decided under the procedure specified in Sec. 2.17 may be appealed within thirty days of the date of the decision...."
 
 
 12
 There is no indication from the record that Marchesani appealed the National Commissioners' decision to the National Appeals Board. In fact, Marchesani filed his petition for habeas corpus relief prior to the final Notice of Action issued by the Commission on August 21, 1990. Marchesani failed to exhaust the administrative remedy available at the time of the filing of his petition for habeas relief. However, in the instant case, the remedy of administrative review pursuant to 28 C.F.R. Sec. 2.27 may not now be available to Marchesani because he has allowed the 30 day period within which he was required to pursue his appeal to lapse. If a habeas corpus court were to allow a prisoner to simply wait until the time prescribed by the regulations for filing his appeal has expired and then file a petition for a writ of habeas corpus which a habeas corpus court would consider on its merits, the doctrine of exhaustion of administrative remedies would be circumvented. Therefore, Marchesani should file an appeal with the National Appeals Board. The National Appeals Board may decide to deny the appeal on the ground that it is untimely under 28 C.F.R. Sec. 2.27, or the Board in its discretion may allow Marchesani to file the appeal out of time and rule on the merits of Marchesani's contentions. Cf. Talerico v. Warden, U.S. Penitentiary, 391 F.Supp. 193 (M.D.Pa.1975). It is only after Marchesani has filed an appeal with the National Appeals Board, thereby establishing the opportunity to have a ruling on his claims, that he would have exhausted his administrative remedy.
 
 
 13
 Accordingly, the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James H. Jarvis, U.S. District Judge for the Eastern District of Tennessee, sitting by designation