United States Court of Appeals,

Fifth Circuit.

No. 93-1767

Conference Calendar.

Joel FULLER, Petitioner-Appellant,

v.

James RICH, Warden for FCI, Seagoville, Texas, et al., Respondents-Appellees.

Jan. 10, 1994.

Appeal from the United States District Court for the Northern District of Texas.

Before GARWOOD, JOLLY, and BARKSDALE, Circuit Judges.

PER CURIAM:

Joel Fuller appeals the district court's dismissal of his petition for a writ of habeas corpus for failure to exhaust administrative remedies. According to Fuller, he cannot file an administrative appeal because he did not receive notice of the Parole Commission's decision until the time for filing such an appeal had elapsed. *See* 28 C.F.R. § 2.26 (1993) (an appeal to the National Appeals Board must be made within 30 days from the date of entry of the decision).

A prisoner challenging a Parole Commission decision is required to exhaust his administrative remedies before seeking habeas relief in federal court under 28 U.S.C. § 2241. *See Smith v. Thompson,* 937 F.2d 217, 219 (5th Cir.1991). The district court's dismissal of Fuller's petition for failure to exhaust administrative remedies is reviewed for abuse of discretion. *DCP Farms v. Yeutter,* 957 F.2d 1183, 1188 (5th Cir.), *cert. denied,* --- U.S. ----, 113 S.Ct. 406, 121 L.Ed.2d 331 (1992).

"Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Hessbrook v. Lennon,* 777 F.2d 999, 1003 (5th Cir.1985). However, exceptions to the exhaustion requirement apply only in "extraordinary circumstances," *Yeutter,* 957 F.2d at 1189, and Fuller bears the burden of demonstrating the futility of administrative review. *See Gardner v. School Bd. Caddo Parish,* 958

F.2d 108, 112 (5th Cir.1992).

Although the exhaustion doctrine does not require that the National Appeals Board actually rule on the merits of Fuller's claims, it does require t hat Fuller present the claims to the Board, thereby giving it an opportunity to review the decision reached by the Parole Commission. *See Talerico v. Warden, U.S. Penitentiary,* 391 F.Supp. 193, 195 (M.D.Pa.1975). Accordingly, before Fuller may seek relief in federal court, he must file an appeal with the National Appeals Board. We require Fuller to take this further step because until he actually appeals and that appeal is acted on, we do not know what the appeals board will do with Fuller's claim, and until the appeals board has been given an opportunity to act, Fuller has not exhausted his administrative remedies. The National Appeals Board may deny the appeal on the ground that it is untimely under 28 C.F.R. § 2.26, or the Board, in its discretion, may allow Fuller to file the appeal o ut of time and rule on the merits of Fuller's contentions. *Cf. Talerico,* 391 F.Supp. at 195. In short, Fuller has not shown that such an appeal would be futile. After a final decision by the Board, Fuller will have exhausted sufficiently his administrative remedies.

We thus hold that the district court did not abuse its discretion in dismissing Fuller's petition for failure to exhaust his administrative remedies. The judgment of the district court is AFFIRMED.

Fuller's motion for this court to appoint counsel on appeal is DENIED. Fuller has demonstrated that he is capable of representing himself by filing competent pleadings and a brief that succinctly states his issues and argument. Further, the case does not present exceptional circumstances warranting appointment of counsel. *See Santana v. Chandler,* 961 F.2d 514, 515-16 (5th Cir.1992).