IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-40817
Conference Calendar
_____

MILTON L. SHUBBIE,

                                   Petitioner-Appellant,

versus

JOHN BUFFINGTON, in his official capacity
as U.S. Parole Commissioner,

                                   Respondent-Appellee.

- - - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:94-CV-30
- - - - - - - - - - -
April 19, 1996

Before DUHÉ, DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Milton L. Shubbie appeals from the denial of his motion pursuant to FED. R. CIV. P. 60(b), following the denial of his petition for habeas corpus relief pursuant to 28 U.S.C. § 2241.

Shubbie contends that the Parole Commission delayed resolution of his case; that his state-court convictions did not warrant parole revocation; that his federal parole had expired before he was convicted in state court and that the parole officer's warrant application against him was premature; that the

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

Parole Commission lost jurisdiction over him in 1985, when he was transferred to state custody; that this court awarded him credit for his time in state custody; that the Parole Commission revoked his parole on insufficient evidence regarding the state charges against him; that his parole had outlived itself because federal officials mistakenly turned him over to Louisiana authorities; that he was deprived of his right to carry legal documents from state custody to federal custody; and that the Parole Commission violated the Double Jeopardy Clause by denying him credit for time spent in state custody and federal custody. He also lists as issues whether his parole should be terminated based on the date of his state-court conviction and whether it was proper for the Parole Commission to deny him credit for time spent in state custody. Additionally, Shubbie requests that this court terminate his parole.

Shubbie does not brief whether the district court abused its discretion by denying his Rule 60(b) motion, *see Travelers Ins. Co. v. Liljeberg Enter., Inc.*, 38 F.3d 1404, 1408 (5th Cir. 1994); nor does he brief whether he exhausted administrative remedies regarding the revocation of his parole. *See Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). Shubbie has abandoned the relevant issues on appeal, *see Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 844, 848 (5th Cir. 1987); we will not consider the issues he does raise on appeal.

APPEAL DISMISSED. *See* 5TH CIR. R. 42.2.