IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-51287
Summary Calendar
_____


FREDDIE POER

     Petitioner - Appellant

  v.

R D MILES

     Respondent - Appellee

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-00-CV-356-JN
--------------------
June 8, 2001

Before KING, Chief Judge, and WIENER and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Freddie Poer, federal prisoner No. 95012-080, appeals the district court's denial without prejudice of his 28 U.S.C. § 2241 petition for failure to exhaust his administrative remedies with the Bureau of Prisons (BOP). Poer argues that the BOP has wrongfully denied him credit on his federal sentence for time served in the custody of the State of Texas. A federal prisoner must "exhaust his administrative remedies before seeking habeas relief in federal court under 28 U.S.C. § 2241." Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994); see Rourke v. Thompson, 11 F.3d

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

47, 49 (5th Cir. 1993). The record reflects that Poer had not exhausted his administrative remedies with the BOP prior to seeking § 2241 relief in the district court. United States v. Wilson, 503 U.S. 329, 331-35 (1992); see 28 C.F.R. §§ 542.10-542.18. As he has failed to demonstrate extraordinary circumstances which would warrant a waiver of the exhaustion requirement, we AFFIRM the district court's denial of the petition for failure to exhaust administrative remedies. See Fuller, 11 F.3d at 62.

Poer argues on appeal that the thirty-seven month sentence imposed for the offense of misprision of felony, 18 U.S.C. § 4, exceeds the maximum sentence for this crime. This argument was not raised before the district court. On appeal from habeas corpus proceedings, we do not consider issues not raised in the district court. See United States v. Scott, 672 F.2d 454, 455 (5th Cir. 1982).

The judgment of the district court is AFFIRMED.