United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 9, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 03-60209
Summary Calendar

———————————

DOUGLAS G. MAYBERRY,

Petitioner-Appellant,

versus

MICHAEL PETTIFORD, Warden,

Respondent-Appellee.

———————————

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:02-CV-656-BrS

———————————

Before GARWOOD, JOLLY and SMITH, Circuit Judges.

PER CURIAM:[*]

Douglas G. Mayberry ("Mayberry"), federal inmate #70949-012,

appeals the district court's dismissal of his 28 U.S.C. § 2241

petition for failure to exhaust available administrative remedies.

Mayberry argues that he is challenging the length of his

confinement, not the conditions of his confinement, and that his 28

———————————

[*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

U.S.C. § 2241 petition therefore is not subject to the exhaustion provision of 42 U.S.C. § 1997e(a). Mayberry concedes that a judicially created exhaustion requirement applies to his 28 U.S.C. § 2241 petition, but he argues that exhaustion is not jurisdictional, and that his failure to exhaust the available remedies should be excused because it would be futile and would cause irreparable harm.

Mayberry is correct that the exhaustion requirements of 42 U.S.C. § 1997e(a) do not apply to a properly filed section 2241 petition. *See Walker v. O'Brien*, 216 F.3d 626, 634 (7th Cir. 2000). Nevertheless, federal prisoners must exhaust "administrative remedies before seeking habeas relief in federal court under 28 U.S.C. § 2241." *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). We review the district court's dismissal of a 28 U.S.C. § 2241 petition for failure to exhaust for an abuse of discretion. *Id*. Mayberry does not dispute that he did not exhaust available administrative remedies, and we conclude that he has failed to demonstrate extraordinary circumstances that would warrant a waiver of the exhaustion requirement. *See id.* Mayberry's complaints regarding the length of the administrative appeals process are particularly unpersuasive considering that Mayberry's earliest possible release date, even accepting his theory of the case, is not until May of 2017, and he does not claim otherwise.

We conclude that the district court did not abuse its discretion by dismissing Mayberry's petition without prejudice, and the district court's judgment is therefore

AFFIRMED.

3