**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 18 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MITCHELL THEOPHILUS
GARRAWAY,

        Petitioner-Appellant,

v.

UNITED STATES BUREAU OF
PRISONS,

        Respondent-Appellee.

No. 03-1003

(D. Colorado)

(D.C. No. 02-Z-2201)

---

**ORDER AND JUDGMENT** *

---

Before **EBEL** , **HENRY** , and **HARTZ** , Circuit Judges.

---

Mitchell Theophilus Garraway, a federal prisoner serving his sentence in an

institution in Florence, Colorado, filed a 28 U.S.C. § 2241 action challenging the

United States Bureau of Prisons (BOP's) allegedly illegal disclosure of

confidential information. He alleged that the disclosure of this information

---

    * The case is unanimously ordered submitted without oral argument
pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and
judgment is not binding precedent, except under the doctrines of res judicata,
collateral estoppel, and law of the case. The court generally disfavors the citation
of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

caused the United States Parole Commission to deny him parole. He seeks immediate release from custody.

The district court dismissed Mr. Garraway's action without prejudice. We conclude that this disposition was proper. Because Mr. Garraway is challenging the decision of the Parole Commission, he must name that agency as a party and must exhaust his administrative remedies. See, e.g. , Brown v. Smith , 828 F.2d 1493, 1495 (10th Cir. 1987) (citing regulations that allowed the plaintiff to contest the Parole Commission's decisions and concluding that "[t]his administrative remedy must be utilized before a suit can be brought pursuant to § 2241[]"); Fuller v. Rich , 11 F.3d 61, 62 (5th Cir. 1994) (stating that "[a] prisoner challenging a Parole Commission decision is required to exhaust administrative remedies before seeking habeas relief in federal court").

Accordingly, for substantially the same reasons as the district court, we AFFIRM the dismissal of Mr. Garraway's § 2241 petition without prejudice.

Entered for the Court,

Robert H. Henry
Circuit Judge

-2-