United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 19, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-10780
Summary Calendar

OSCAR ADOLFO MONTOYA,

Petitioner-Appellant,

versus

L. M. FLEMING, Warden, Federal Medical Center Forth Worth,

Respondent-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:03-CV-1488-A
- - - - - - - - - -

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Oscar Adolfo Montoya, a federal prisoner (# 19530-050) and
Colombian national, appeals the district court's dismissal of his
pro se 28 U.S.C. § 2241 habeas petition, without prejudice, for
failure to exhaust administrative remedies.

Montoya argued in his petition that the improper issuance of
an Immigration and Naturalization Service ("INS") detainer in
2000 prevented him from participating in various rehabilitative
and early-release programs offered by the Bureau of Prisons
("BOP"). The primary program cited by Montoya is a 500-hour
drug-abuse-treatment program ("DAP"), the completion of which

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

makes an inmate eligible for a sentence reduction of up to one year.  See Warren v. Miles, 230 F.3d 688, 690 (5th Cir. 2000); 18 U.S.C. § 3621(e).  Montoya does not deny that he has not exhausted BOP administrative remedies, but he does argue that attempting to do so would be futile because the warden at his prison is not "empowered" to lift the INS detainer.

A federal prisoner must "exhaust his administrative remedies before seeking habeas relief in federal court under 28 U.S.C. § 2241."  Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994); see Rourke v. Thompson, 11 F.3d 47, 49 (5th Cir. 1993).  "'Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action.'"  Fuller, 11 F.3d at 62 (citation omitted).  The petitioner bears the burden of showing the futility of exhaustion.  Id.

Montoya has cited no statute or administrative rule or regulation that explicitly excludes from participation in the various prison programs inmates who have INS detainers.  The regulatory materials reviewed by this court suggest that Montoya is not categorically excluded from participation in such programs and that the BOP and his warden have some degree of discretion as to whether he may participate.  See, e.g., 28 U.S.C. § 550.58(a)(1)(iv) (2004).  Montoya has not established, as a matter of law, that exhaustion would be futile.  Accordingly, we AFFIRM the dismissal of Montoya's 28 U.S.C. § 2241 petition.

Montoya has abandoned any challenge to the district court's conclusion that it lacked jurisdiction over his claims against the Attorney General and the INS.  See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993); FED. R. APP. P. 28(a)(9).

AFFIRMED.