United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 21, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-41035
Summary Calendar

ALEJANDRO CASTANO,

Petitioner-Appellant,

versus

KEN EVERHART, Acting Warden,

Respondent-Appellee.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:06-CV-194

Before GARWOOD, DEMOSS and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Alejandro Castano, federal prisoner # 08673-035, appeals the

district court's dismissal of his 28 U.S.C. § 2241 petition for

failure to exhaust his administrative remedies. Castano argues

that he should not have to exhaust his administrative remedies

because he is entitled to an immediate release from prison and,

thus, administratively exhausting his claim will delay his release

---

[*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

from prison by months.

A federal prisoner seeking credit on his sentence may "file his petition pursuant to § 2241, but he must first exhaust his administrative remedies through the Bureau of Prisons." *United States v. Gabor*, 905 F.2d 76, 78 n.2 (5th Cir. 1990). Dismissal without prejudice of a federal prisoner's section 2241 suit for failure to exhaust administrative remedies is reviewed for abuse of discretion. *Fuller v. Rich*, 11 F.3d 61 at 62 (5th Cir. 1994).

"Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Id*. Exceptions to the exhaustion requirement apply only in "extraordinary circumstances," and Castano bears the burden of demonstrating the futility of administrative review. *See id*.

Castano has failed to carry his burden. He has not shown that available administrative remedies are either unavailable or wholly inappropriate to the relief sought. Moreover, he has not shown that exhausting his claim administratively is futile in the sense that BOP routinely denies claims such as his.

Castano's "futility argument" is essentially an assertion that his sentence-calculation claim is meritorious and that he should therefore not have to endure any delay caused by seeking administrative review of the claim. The documents provided by

2

Castano, however, while not definitively showing that his claim is without merit, suggest that it likely is.

Even if Castano's claim is meritorious, however, and if he has to suffer a delay to his immediate release while his claim progresses through the administrative review process, that delay is one of his own making. Castano states in his appellate brief that he learned of the alleged erroneous sentence calculation when he first arrived at Bureau of Prisons, which, according to the documents presented by Castano, was in 1995. In addition, the "Sentence Monitoring Computation Data" sheet submitted by Castano is dated August 2004. Castano did not file his section 2241 petition, however, until 2006. Given Castano's lack of diligence in pursuing this claim, he has not shown that his case presents "extraordinary circumstances" warranting an exception to the exhaustion requirement. *See Fuller*, 11 F.3d at 62. *Cf*. *Deters v. Collins*, 985 F.2d 789, 796-97 (5th Cir. 1993) (failure to exhaust state remedies); *Cox v. Johnson*, 878 F.2d 414, 419 (D.C. Cir. 1989) (finding exhaustion [under 20 U.S.C. § 1415] not futile where, *inter alia*, both parties contributed to delay).

Castano has not carried his burden of showing that an exception to the exhaustion requirement should be applied. The judgment is modified so that the dismissal is "without prejudice" and as so modified is affirmed.

AFFIRMED AS MODIFIED

3