# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 12, 2008

Charles R. Fulbruge III
Clerk

No. 06-41689
Summary Calendar

EDGAR ALEXANDER HERRERA-VILLATORO

Petitioner-Appellant

v.

WARDEN JOE D. DRIVER

Respondent-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:06-CV-30

Before HIGGINBOTHAM, STEWART, and ELROD, Circuit Judges.

PER CURIAM:[*]

Edgar Alexander Herrera-Villatoro ("Herrera"), federal inmate # 97107-079, appeals the dismissal without prejudice of his 28 U.S.C. § 2241 petition for failure to exhaust administrative remedies. Herrera challenged the starting date of his federal sentence for illegal reentry and argued that he should have received credit for the Texas state sentence he served after the state revoked his deferred-adjudication probation.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Before filing the instant action, Herrera did not complete the final step of the administrative process provided by the Federal Bureau of Prisons. The Central Office of the Bureau of Prisons twice rejected his appeal, finding that the first appeal was untimely and the second appeal did not include the correct number of copies or a copy of the Institution Administrative Remedy Request Form or warden's response. Herrera therefore failed to exhaust properly his available administrative remedies. See Woodford v. Ngo, 126 S.Ct. 2378, 2386-87 (2006) (holding that habeas exhaustion requires proper exhaustion of the administrative process). Consequently, the district court did not abuse its discretion by dismissing the action without prejudice to Herrera's return to federal court once his administrative remedies are fully exhausted. See Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994). The judgment of the district court is AFFIRMED.