# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 19, 2008

Charles R. Fulbruge III
Clerk

No. 07-40803
Summary Calendar

PURVIS RAY CARTWRIGHT

Petitioner-Appellant

V.

T C OUTLAW, Warden

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:05-CV-797

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Purvis Ray Cartwright, federal inmate # 59478-079, appeals the dismissal without prejudice of his 28 U.S.C. § 2241 petition for failure to exhaust administrative remedies. Cartwright challenged a prison disciplinary hearing and the resulting loss of good time credit. This court reviews a district court's dismissal of a § 2241 petition for failure to exhaust administrative remedies for an abuse of discretion. Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Cartwright first argues that he did exhaust his administrative remedies. However, Cartwright's appeal to National Inmate Appeals Administrator, despite the Regional Director's order for a rehearing, did not exhaust his administrative remedies. If an "agency has offered to reexamine its decision it should be permitted to do so." Smith v. Thompson, 937 F.2d 217, 219 (5th Cir. 1991). Cartwright's administrative appeals following the rehearing also do not show exhaustion because the rehearing and subsequent administrative appeals all occurred after he had filed his § 2241 petition. See Fuller, 11 F.3d at 62.

Cartwright also argues that exhaustion should be excused because the extensive delay in scheduling the rehearing suggests that exhaustion would be futile and because the administrative process was biased against him. Exceptions to the exhaustion requirement arise when "available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." Fuller, 11 F.3d at 62 (internal quotation marks and citation omitted). These exceptions "apply only in extraordinary circumstances," and the petitioner bears the burden of establishing that administrative review would be futile. Id. The fact that Cartwright did successfully appeal to the Regional Director following his first hearing demonstrates that the review process was not "unavailable," "inappropriate," or "patently futile." See id.

The judgment of the district court is AFFIRMED.