# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 5, 2010

Charles R. Fulbruge III
Clerk

No. 09-10531
Summary Calendar

M. ELIZABETH BRODERICK,

> Petitioner - Appellant

v.

W. ELAINE CHAPMAN,

> Respondent - Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:08-CV-1720

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

M. Elizabeth Broderick is an inmate at the Carswell Federal Medical Center in Fort Worth, Texas. After being denied consideration for release under the provisions of a new program, she filed a 28 U.S.C. § 2241 petition. The petition was denied because Broderick failed to exhaust her administrative remedies. We AFFIRM.

Broderick is 65 years old. She is serving a 200 month sentence for mail fraud, money laundering, and other offenses.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-10531

Sentenced in 1997, Broderick should be released in December 2010 due to the application of good conduct time credits.

On September 22, 2008, Broderick submitted a grievance form to prison authorities requesting relief under the Second Chance Act. *See* Pub. L. 110-199, 122 Stat. 657. She made several claims, including that she was entitled to be released in accordance with the Act, and that she was entitled to compensation for personal injuries and for copyright violations related to the use of her name by prison authorities. On October 28, 2008, the Warden responded with an explanation of the operation of the Second Chance Act, said that Broderick would be reviewed for Residential Reentry Center placement about eighteen months before her projected release date, and addressed other claims. Broderick was told she could pursue the grievance further. She did not do so.

A week after filing her grievance – well before the prison's response was given – Broderick filed a Section 2241 petition in district court. Among her several claims was that she had a right "to consideration for placement in the pilot program removing eligible elderly offenders from a Bureau of Prisons facility and placing such offenders on home detention until the expiration of th[eir] prison term." She sought to have the Bureau of Prisons ordered to implement a Pilot Program and then review her for placement in it.

The district court found that the Pilot Program on which Broderick now centered her attention was one of many programs and changes brought about by the Second Chance Act. Broderick's September 2008 administrative request had not sought implementation of nor consideration under the Elderly Inmate Pilot Program and just referred generally to the Act. Not having raised this claim administratively, Broderick could not proceed in district court. Broderick's petition was dismissed for failure to exhaust administrative remedies.

A federal prisoner seeking relief pursuant to Section 2241 must first exhaust her administrative remedies through the Bureau of Prisons. *Fuller v.*

No. 09-10531

*Rich*, 11 F.3d 61, 62 (5th Cir. 1994). The district court's dismissal of a petition for failure to exhaust is reviewed for abuse of discretion. *Id.* "[E]xceptions to the exhaustion requirement apply only in 'extraordinary circumstances'" with the inmate's bearing the burden of showing administrative review would be futile. *Id.* (citing *DCP Farms v. Yeutter*, 957 F.2d 1183, 1189 (5th Cir. 1992)).

On appeal, Broderick argues that her failure to request home confinement under the Pilot Program was excusable. That is because the program did not exist at the time she filed her grievance; she should be afforded liberal construction because she is a *pro se* litigant; and the Warden recognized her request as seeking relief under the Pilot Program.

Though we read Broderick's pleadings liberally, that does not allow us to ignore that she did not give prison officials the first opportunity to consider her complaints about the Pilot Program. The Bureau of Prisons issued on February 5, 2009, an Operations Memo detailing the Elderly Inmate Pilot Program. If Broderick's eligibility for it has not already been resolved, she may pursue that now and raise any complaints through proper administrative procedures.

Not only were Broderick's claims about the Pilot Program not part of the administrative review she initiated, she quickly abandoned the administrative process even on the claims she did make.[1]  Indeed, she brought this suit even before the initial administrative ruling was made.

The district court did not abuse its discretion in finding that Broderick failed to exhaust administrative remedies. AFFIRMED.

---

[1] An inmate is to seek informal discussion, then appeal to the Warden, 28 C.F.R. § 542.14, then to the Regional Director, 28 C.F.R. § 542.15, and finally to the Office of General Counsel. 28 C.F.R. § 542.15. The inmate has not exhausted her administrative remedies until she has filed at all levels. *Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993).