# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 16, 2012

No. 11-41028
Summary Calendar

Lyle W. Cayce
Clerk

BRANDON OVERSHOWN,

Petitioner-Appellant

v.

JODY R. UPTON, Warden,

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:10-CV-770

Before BENAVIDES, STEWART, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Brandon Overshown, federal prisoner # 66092-179, appeals the district court's dismissal of his 28 U.S.C. § 2241 petition based upon his failure to exhaust administrative remedies. In his § 2241 petition, Overshown argued that he had not received proper credit towards his federal sentence for time spent in state custody.

Overshown states, in conslusory fashion, that he made four attempts to exhaust his administrative remedies, that the Bureau of Prisons (BOP) made its

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

intent known that any further attempts would have been futile, and that exhaustion of administrative remedies is not a jurisdictional prerequisite to habeas review. The remainder of his brief addresses the merits of the claim he raised in his § 2241 petition.

If a prisoner feels he has been improperly refused credit for time he has served in state custody, the prisoner must first exhaust his administrative remedies with the BOP before pursuing judicial review of the BOP's computations. *United States v. Dowling*, 962 F.2d 390, 393 (5th Cir. 1992). However, exhaustion of administrative remedies is not required where they are "unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). Exceptions to the exhaustion requirement apply only in extraordinary circumstances, and it is Overshown's burden to demonstrate the futility of administrative review. *Id.* We review the dismissal of a § 2241 petition for failure to exhaust administrative remedies for abuse of discretion. *See id.*

Overshown does not dispute that he failed to properly exhaust his administrative remedies, and he has not demonstrated that properly exhausting those remedies would have been an exercise in futility. Accordingly, the district court did not abuse its discretion in dismissing his § 2241 petition. *See id.* The district court's judgment is AFFIRMED.