# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 11-40845
Summary Calendar

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 31, 2012

Lyle W. Cayce
Clerk

KENNETH RAY SMITH,

Petitioner-Appellant

v.

JODY UPTON,

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:10-CV-659

Before JONES, Chief Judge, and PRADO and ELROD, Circuit Judges.

PER CURIAM:[*]

Kenneth Ray Smith, federal prisoner # 05364-078, appeals the denial of his 28 U.S.C. § 2241 habeas corpus petition. Smith's petition argued that the Bureau of Prisons improperly denied him credit for time that he spent in state jail. The respondent moved for summary judgment on the basis that Smith failed to exhaust his administrative remedies, and the district court granted the respondent's motion.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-40845

Prior to seeking judicial review of credits under 18 U.S.C. § 3585(b), prisoners are required to exhaust their administrative remedies. *See United States v. Dowling*, 962 F.2d 390, 393 (5th Cir. 1992). Exceptions to the exhaustion requirement apply when "available administrative remedies are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (internal quotations and citation omitted). However, exceptions to the exhaustion requirement apply only in extraordinary circumstances, and the petitioner bears the burden of demonstrating the futility of administrative review. *See id.*

Smith has failed to brief any argument that exhaustion was futile in his case. Although pro se briefs are afforded liberal construction, even pro se litigants must brief arguments in order to preserve them. *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Thus, Smith has "effectively abandoned" any challenge to the district court's dismissal of his claim for lack of exhaustion. *Mapes v. Bishop*, 541 F.3d 582, 584 (5th Cir. 2008).

AFFIRMED.