# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

————

No. 13-40808
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 17, 2015

Lyle W. Cayce
Clerk

————

ROBERT L. MARTIN, JR.,

Petitioner-Appellant

v.

SCOTT YOUNG, Warden,

Respondent-Appellee

_____

Cons. w/ No. 14-40217

ROBERT L. MARTIN, JR.,

Petitioner-Appellant

v.

MICHAEL CARVAJAL, Warden,

Respondent-Appellee

————

Appeals from the United States District Court
for the Eastern District of Texas
USDC No. 5:13-CV-31

————

No. 13-40808

Before STEWART, Chief Judge, and ELROD and HIGGINSON, Circuit Judges.

PER CURIAM:*

Robert L. Martin, Jr., federal prisoner # 09784-026, appeals the district court's denial and dismissal of two separate 28 U.S.C. § 2241 applications wherein he challenged the Bureau of Prisons (BOP) disciplinary findings regarding an escape charge as well as charges of violating Disciplinary Code 108 --- possession, manufacture, or introduction of a hazardous tool --- and Disciplinary Code 305 --- possession of anything not authorized. Martin argues that the district court abused its discretion by concluding that he had failed to exhaust his administrative remedies and summarily dismissing his § 2241 application challenging the imposition of punishment following the disciplinary hearing officer's (DHO) conclusion that he was guilty of escape. He further argues that the district court erred by denying the sufficiency of the evidence, due process, and equal protection claims he raised in the § 2241 application challenging the punishment imposed following the DHO's conclusion that he was guilty of possession of a hazardous tool, namely an unauthorized MP3 player.

We review the district court's findings of fact for clear error and issues of law de novo. *Wilson v. Roy*, 643 F.3d 433, 434 (5th Cir. 2011). Where, as here, a district court has dismissed a § 2241 application for failure to exhaust administrative remedies, this court reviews for an abuse of discretion. *See Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-40808

The record reveals that Martin completed only three of the four necessary steps in the BOP's administrative complaint resolution process following the DHO's conclusion that he was guilty of escape. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006); 28 C.F.R. §§ 542.13, 542.14, 542.15. His substantial compliance is insufficient to satisfy the requirements of exhaustion. *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001). Accordingly, the district court did not abuse its discretion by dismissing his § 2241 application for lack of exhaustion. *See id.*; *Fuller*, 11 F.3d at 62.

The record further reveals that the BOP afforded Martin all of the due process rights to which an inmate is entitled during a disciplinary hearing. *See Wolff v. McDonnell*, 418 U.S. 539, 556 (1974); *Morgan v. Quarterman*, 570 F.3d 663, 668 (5th Cir. 2009). Martin's assertion that the BOP did not allow him to present the MP3 player as evidence during his hearing for violating Disciplinary Code 108 and Disciplinary Code 305 rings hollow as he did not request to present witnesses or evidence. Regarding the sufficiency of the evidence, the reporting officer's written statement that Martin was in possession of an unauthorized MP3 player -- which the BOP classified as a hazardous tool -- was, standing alone, adequate to satisfy the standard that the disciplinary conviction be supported by some evidence. *See Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454-456 (1985); *Hudson v. Johnson*, 242 F.3d 534, 536 (5th Cir. 2001).

As to Martin's argument that the BOP violated his equal protection rights because it charged him with the more serious Code 108 violation and imposed severe sanctions against him in contrast to the actions taken against other inmates accused of the same offense, the argument is without merit. Martin cannot demonstrate that the BOP acted with a discriminatory purpose due to his membership in a particular group. *See Priester v. Lowndes Cnty.*,

No. 13-40808

354 F.3d 414, 424 (5th Cir. 2004); *Woods v. Edwards*, 51 F.3d 577, 580 (5th Cir. 1995).  Accordingly, the judgment of the district court is AFFIRMED.