# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
April 13, 2018

Lyle W. Cayce
Clerk

No. 16-31067
Summary Calendar

MARIO ALBERTO MONTOYA-CLAVIJO,

Petitioner-Appellant

v.

REBECCA CLAY,

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:16-CV-551

Before BENAVIDES, SOUTHWICK, and COSTA, Circuit Judges.

PER CURIAM:[*]

Mario Alberto Montoya-Clavijo was convicted in 2012 in federal court in the Southern District of Florida of conspiracy to possess with the intent to distribute cocaine and conspiracy to import cocaine in violation of 21 U.S.C. §§ 846 and 963. He was sentenced to 135 months of imprisonment and five years of supervised release on each count, to run concurrently. He did not appeal his conviction or seek relief under 28 U.S.C. § 2255. In April 2016,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-31067

Montoya-Clavijo initiated this proceeding under 28 U.S.C. § 2241 in federal court for the Western District of Louisiana, where he is imprisoned. The district court dismissed the petition. We affirm.

Montoya-Clavijo's challenge to his sentence implicates § 2255. Ordinarily, a challenge to errors occurring at trial or sentencing must be brought in a § 2255 motion. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000); *Ojo v. I.N.S.*, 106 F.3d 680, 683 (5th Cir. 2007). However, a § 2255 motion may be adjudicated by the sentencing court only. § 2255(a); *see Solsona v. Warden, F.C.I.*, 821 F.2d 1129, 1132 (5th Cir. 1987). Because Montoya-Clavijo was not sentenced in the Western District of Louisiana, he may not seek § 2255 relief there. *See* § 2255(a). Nevertheless, he may avoid the jurisdictional stricture of § 2255(a) by proceeding under § 2241 if he shows § 2255 offers no adequate or effective relief. *See Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *see also* § 2255(e).

Montoya-Clavijo fails to make the required showing. *See Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). He does not cite a retroactively applicable Supreme Court ruling establishing that he may have been convicted of a nonexistent offense, and he does not argue that his claims were foreclosed at the time when they should have been raised at trial, on appeal, or in an initial § 2255 motion. *See id.*

Moreover, Montoya-Clavijo's argument that the district court should have transferred his § 2241 petition to his federal sentencing court in the Southern District of Florida is unavailing. While § 2241(b) permits a district court to transfer a habeas application to a court of appropriate jurisdiction, there is no mandate that a district court do so. Further, Montoya-Clavijo fails to provide any evidence that a transfer of his petition, instead of dismissal, would have served the interests of justice. *See* 28 U.S.C. § 1631.

No. 16-31067

Finally, while Montoya-Clavijo's argument that the Bureau of Prisons (BOP) miscalculated the time he spent in prison may be cognizable under § 2241, *see Davis v. Fechtel*, 150 F.3d 486, 490 (5th Cir. 1999), he was required to exhaust this claim administratively with the BOP, *see Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). Montoya-Clavijo argues for the first time on appeal that he did, in fact, seek to exhaust this claim with the BOP. As a general rule, we do "not review issues raised for the first time on appeal." *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993). Because Montoya-Clavijo failed to raise his exhaustion argument below, we decline to address it now.

It was not error for the district court to conclude that § 2241 relief was unavailable to Montoya-Clavijo. *Pack*, 218 F.3d at 451. And, because it was not the sentencing court, the district court did not have jurisdiction to treat his petition as a § 2255 motion. *Solsona*, 821 F.2d at 1132. Consequently, the district court was correct in dismissing Montoya-Clavijo's § 2241 petition.

AFFIRMED.