# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-50319
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 17, 2019

Lyle W. Cayce
Clerk

DION LEVERING WILLIAMS,

Petitioner-Appellant

v.

WARDEN SCOTT WILLIS,

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:17-CV-184

Before SMITH, WIENER, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Petitioner-Appellant Dion Levering Williams, federal prisoner # 80353-08, appeals the summary judgment dismissal, for failure to exhaust administrative remedies and alternatively on the merits, of his 28 U.S.C. § 2241 petition seeking credit for time served in state custody. Because we conclude that it was not error to dismiss for failure to exhaust administrative remedies, we affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-50319

A federal prisoner may not seek § 2241 relief in connection with the execution of his sentence unless he first exhausts the administrative remedies made available by the Bureau of Prisons. *United States v. Dowling*, 962 F.2d 390 393 (5th Cir. 1992)*; see Butts v. Martin,* 877 F.3d 571, 582 (5th Cir. 2017); *see also* 28 C.F.R. §§ 542.10–542.19. "Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (internal quotation marks and citation omitted). The futility exception applies in extraordinary circumstances only, and it is the prisoner's task to establish that administrative review would be futile. *Id.* Conceding that he did not exhaust his administrative remedies, Williams invokes the futility exception to the exhaustion rule.

Williams's request for time-served credit was denied after an administrative analysis of the factors set forth by statute. *See* 18 U.S.C. § 3621(b). We reject Williams's conclusional contention that the denial would not have been overturned on further administrative review, so that seeking it would have been an exercise in futility. *See Fuller*, 11 F.3d at 62. We therefore conclude that summary judgment in the respondent's favor was proper. *See Carnaby v. City of Houston*, 636 F.3d 183, 187 (5th Cir. 2011); FED. R. APP. P. 56.

AFFIRMED.