# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-50166
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 24, 2019

Lyle W. Cayce
Clerk

BILLY R. MELOT,

Petitioner - Appellant

v.

J. S. WILLIS, Warden,

Respondent - Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:17-CV-76

Before BARKSDALE, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Billy R. Melot, federal prisoner # 51537-051 and proceeding *pro se*, challenges the district court's judgment granting respondent's motion to dismiss or, alternatively, for summary judgment, and dismissing Melot's 28 U.S.C. § 2241 petition. That petition disputed the imposition and collection of restitution for his conviction for: attempted interference with the administration of internal revenue laws, in violation of 26 U.S.C. § 7212(a); attempt to evade or defeat tax, in violation of 26 U.S.C. § 7201; six counts of

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 18-50166

willful failure to file, in violation of 26 U.S.C. § 7203; and seven counts of false statements to the United States Department of Agriculture (USDA), in violation of 15 U.S.C. § 714m(a).

Following his conviction, Melot was ordered to pay restitution in the amount of $18,469,998.51 to the Internal Revenue Service (IRS) and $226,526 to the USDA. These payments were due "[i]n full immediately", including "during the period of imprisonment", and were to be made in payments of no less than $1,000 a month to the IRS and $200 a month to the USDA.

Melot challenges the district court's determination that he failed to exhaust his administrative remedies. The dismissal of a § 2241 petition for failure to exhaust administrative remedies is reviewed for abuse of discretion. *Hinojosa v. Horn*, 896 F.3d 305, 314 (5th Cir. 2018) (citation omitted). Melot contends the record establishes: he made several attempts to fully exhaust his administrative remedies; and he was told by the prison administration no remedies were available, and his claims were being rejected. However, the record establishes Melot did not properly complete the administrative-remedy process, and he withdrew his administrative-remedy request. *See* 28 C.F.R. §§ 542.13–.17.

Moreover, the record does not support his conclusory assertion that he was told by the prison administration no remedies were available, and he has not otherwise shown there were any extraordinary circumstances entitling him to an exception to the exhaustion requirement. *See Hinojosa*, 896 F.3d at 314; *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (citation omitted). Accordingly, the district court did not abuse its discretion in determining he failed to exhaust his administrative remedies. *See Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012) (citing *Fuller*, 11 F.3d at 62).

No. 18-50166

Because Melot failed to exhaust his administrative remedies, we need not reach the other issues he raises.

AFFIRMED.