Coello-Mutate v. Barr

BIA
Straus, IJ
A206 480 524/525

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of May, two thousand nineteen.

PRESENT:
> GERARD E. LYNCH,
> CHRISTOPHER F. DRONEY,
> RICHARD J. SULLIVAN,
> *Circuit Judges.*

_____

BETI MARLEN COELLO-MUTATE,
CRISTIAN NORBEY MENDEZ-COELLO,
> *Petitioners,*

> v.                                              **17-429**
>                                                  **NAC**

WILLIAM P. BARR,
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONER:**          Milagros S. Cruz, Hartford, CT.

**FOR RESPONDENT:**          Chad A. Readler, Acting Assistant
                             Attorney General; Stephen J.
                             Flynn, Assistant Director; Kathryn
                             M. McKinney, Trial Attorney,
                             Office of Immigration Litigation,
                             United States Department of
                             Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Beti Marlen Coello-Mutate and Cristian Norbey Mendez-Coello, natives and citizens of Honduras, seek review of a January 26, 2017 decision of the BIA affirming a March 15, 2016 decision of an Immigration Judge ("IJ") denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Beti Marlen Coello-Mutate and Cristian Norbey Mendez-Coello*, No. A 206 480 524/525 (B.I.A. Jan. 26, 2017), *aff'g* No. A 206 480 524/525 (Immig. Ct. Hartford Mar. 15, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA, i.e., minus the social group and nexus determinations that the BIA did not reach. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). We review the agency's findings of fact under the substantial evidence standard, treating such findings as "conclusive unless any reasonable adjudicator

2

would be compelled to conclude to the contrary." *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018) (quoting 8 U.S.C. §1252(b)(4)(B)).

To establish asylum eligibility, an applicant must show that she has suffered past persecution, or has a well-founded fear of future persecution, "on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42). If the applicant has suffered past persecution, she is "presumed to have a well-founded fear of persecution on the basis of the original claim." 8 C.F.R. § 1208.13(b)(1).

Past Persecution

While the Immigration and Nationality Act does not define persecution, *see Baba v. Holder*, 569 F.3d 79, 85 (2d Cir. 2009), the BIA has defined it as a "threat to the life or freedom of, or the infliction of suffering or harm upon, those who differ in a way regarded as offensive." *Matter of Acosta*, 19 I. & N. Dec. 211, 222 (BIA 1985), *overruled in part on other grounds by INS v. Cardoza-Fonseca*, 480 U.S. 421 (1987); *accord Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 342 (2d Cir. 2006). The harm must be sufficiently severe, rising above "mere harassment." *Ivanishvili*, 433 F.3d at

3

341; *see also Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011) ("We have emphasized that persecution is an extreme concept that does not include every sort of treatment our society regards as offensive." (internal quotation marks omitted)).

The agency did not err by determining that the threat against Coello-Mutate did not constitute past persecution. Generally, threats alone do not constitute past persecution. *See Gui Ci Pan v. U.S. Att'y General*, 449 F.3d 408, 412-13 (2d Cir. 2006); *Guan Shan Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 70 (2d Cir. 2002) (stating that a "threat of detention . . . itself . . . is not past persecution"). Coello-Mutate argues that the threat rose to the level of persecution because it caused her psychological harm. However, in holding that harm must rise above "mere harassment" in order to constitute persecution, we have noted that the definition of harassment includes actions that cause, inter alia, "substantial emotional distress." *Ivanishvili*, 433 F.3d at 341 (citation omitted). Because a reasonable adjudicator would not be compelled to conclude that Coello-Mutate suffered psychological harm rising to persecution, the agency did not err in determining that

4

Coello-Mutate failed to establish past persecution.

## Future Persecution

Absent a finding of past persecution, an applicant may establish asylum eligibility based on a fear of future persecution, but the applicant must show that she "subjectively fears persecution" and that her "fear is objectively reasonable." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). A fear is objectively reasonable "even if there is only a slight, though discernible, chance of persecution." *Diallo v. INS*, 232 F.3d 279, 284 (2d Cir. 2000) (citing *Cardoza-Fonseca*, 480 U.S. at 431). But a fear is not objectively reasonable if it lacks "solid support" in the record and is merely "speculative at best." *Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005). The agency did not err in determining that Coello-Mutate did not have an objectively reasonable fear of future persecution.

First, there was no substantial evidence that Elim, the man who allegedly threatened Coello-Mutate in 2013, still intends to harm her. Coello-Mutate did not allege any direct threats to her since Elim's release, noting only one threat against her brother. *See Jian Xing Huang*, 421 F.3d at 129. Second, because there is evidence that Elim could have sent

5

another person to harm Coello-Mutate while he was in prison, the agency did not err in relying on the fact that Coello-Mutate was not harmed before she left Honduras for the United States in finding that her fear of future persecution was not objectively reasonable. Third, Coello-Mutate's children and other family members remain unharmed in Honduras. This absence of harm or threats is relevant to Coello-Mutate's claim of objective fear. *See Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999) (holding that a fear of persecution is undermined when similarly-situated family members remain unharmed in native country). *Id*.

In sum, because there is no "solid support in the record" that Elim intends to harm Coello-Mutate, the agency did not err in finding that she failed to establish an objectively reasonable fear of future persecution. *See Jian Xing Huang*, 421 F.3d at 129. Coello-Mutate's failure to meet her burden for asylum is also dispositive of withholding of removal. *Ramsameachire*, 357 F.3d at 183.

CAT

Although the above analysis is equally dispositive of the CAT claim, we address the claim separately because the agency denied CAT relief based on Coello-Mutate's failure to

6

establish that the Honduran authorities would acquiesce in her torture. An applicant for CAT relief must show that it is "more likely than not" that she will be tortured. *See* 8 C.F.R. § 1208.16(c)(2); *Khouzam v. Ashcroft*, 361 F.3d 161, 168 (2d Cir. 2004). To constitute torture under the CAT, the harm must be "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1). "Acquiescence of a public official requires that the public official, prior to the activity constituting torture, have awareness of such activity and thereafter breach his or her legal responsibility to intervene to prevent such activity." 8 C.F.R. § 1208.18(a)(7).

The agency did not err in determining that Coello-Mutate did not demonstrate that she would be tortured by or with the acquiescence of a public official. *See* 8 C.F.R. § 1208.18(a)(1). The record does not establish that Elim was released after being convicted of murder because of the involvement of corrupt government officials. And the fact that the Honduran government cooperated with the U.S. government in having Elim extradited or deported to Honduras and then convicted him of murder weighs against a finding

7

that authorities would acquiesce in any harm to Coello-Mutate.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court