# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 22, 2020

Lyle W. Cayce
Clerk

No. 19-40311
Summary Calendar

Garmon Coats,

*Petitioner—Appellant*,

*versus*

Thomas Watson, *Warden*, United States Penitentiary
Beaumont,

*Respondent—Appellee*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:18-CV-141

Before Jolly, Elrod, and Graves, *Circuit Judges*.

Per Curiam:*

Garmon Coats, federal prisoner # 24754-077, was convicted in 1994 of one count of bank robbery, three counts of obstructing commerce by robbery, and three counts of using and carrying a firearm during a crime of

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

violence.  He appeals the dismissal of his 28 U.S.C. § 2241 petition, wherein he argued that the Federal Bureau of Prisons (BOP) failed to credit his sentence for the nearly 13 years he spent serving a state sentence.  The district court dismissed the petition as a successive filing because Coats had raised the same claim in an earlier § 2241 petition.  Alternatively, the court dismissed the petition for failure to exhaust administrative remedies to the extent that it raised any new arguments.  Finally, the district court denied Coats's postjudgment motion to rescind, construed as filed pursuant to Federal Rule of Civil Procedure 59(e).

Because Coats's § 2241 petition raised the same legal claim that was rejected in his prior § 2241 proceeding, *see Coats v. Smith*, 395 F. App'x 382, 383 (9th Cir. 2010), the district court did not abuse its discretion by dismissing the petition as successive, *see 2*8 U.S.C. § 2244(a); *United States v. Tubwell*, 37 F.3d 175, 177–78 (5th Cir. 1994); *see also James v. Cain*, 56 F.3d 662, 665 (5th Cir. 1995).  Further, Coats concedes that he failed to exhaust his administrative remedies as to his arguments concerning how a five-year state sentence he received for escape should have been treated in his federal sentence computations.  Because he has not demonstrated the futility of administrative review, the district court did not abuse its discretion in dismissing his § 2241 petition as to this claim for failure to exhaust.  *See Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994).

Coats presents no argument concerning the denial of his postjudgment motion.  Accordingly, he has abandoned any claim stemming from that ruling.  *See Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

In light of the foregoing, the judgment of the district court is AFFIRMED.  We CAUTION Coats that frivolous, repetitive, or abusive filings may result in the imposition of sanctions, including dismissal,

No. 19-40311

monetary sanctions, and restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction.